In re NOVO PATHIC HOSPITAL CO.

HOPKINS et al. v. BURCH, BACON, &. DENLINGER et al.

(Circuit Court of Appeals, Sixth Circuit. October 16, 1926.)

No. 4627.

1. Bankruptcy ⟐⟐440—Referee's refusal, on ground of disqualification, to allow certain creditors to vote, held "proceedings in bankruptcy," not appealable (Bankruptcy Act, §§ 24a, 25a (Comp. St. §§ 9608, 9609).

Referee's refusal, on ground that they were disqualified, to let certain creditors vote at creditors' meeting, and his appointment of trustee for want of election by a proper majority, held "proceedings in bankruptcy," not appealable under Bankruptcy Act, § 24a (Comp. St. § 9608), or section 25a (Comp. St. § 9609).

2. Bankruptcy ⟐⟐446.

Petition to revise referee's order, declining, on ground that they were disqualified, to allow certain creditors to vote, held to present no issues of law for consideration, in absence of findings of fact required by rule 34, clause 2.

3. Bankruptcy ⟐⟐446.

On petition to revise, issues of fact are not reviewable.

4. Bankruptcy ⟐⟐6.

Act May 27, 1926, effective August 27, 1926, amending Bankruptcy Act, § 24a (Comp. St. § 9608), held inapplicable to an appeal and petition to revise filed in Circuit Court of Appeals on May 15, 1926.

Petition to Revise the Order of and Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the bankruptcy of the Novo Pathic Hospital Company. On petition of Robert C. Hopkins and others to revise, and on appeal by same parties from, an order of the referee, opposed by Burch, Bacon & Denlinger and others. Petition to revise and appeal dismissed.

J. S. Miller, of Alliance, Ohio (Sidney L. Geiger, of Alliance Ohio, on the brief), for petitioners and appellants.

Willis Bacon, of Akron, Ohio (Burch, Bacon & Denlinger, of Akron, Ohio, on the brief), for respondents and appellees.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. [1] Upon the first meeting of creditors the referee declined to allow certain creditors and attorneys to vote, holding them disqualified for that purpose, and thereupon, there being no election by the proper majority, the referee himself appointed a trustee. Clearly these were proceedings in bankruptcy, as distinguished from that controversy arising in bankruptcy which is appealable under Bankruptcy Act, § 24a, being Comp. St. § 9608, or that, final disallowance of a claim which is appealable under section 25a, being Comp. St. § 9609; hence the appeal must be dismissed.

[2, 3] Upon the petition to revise, there was no finding of facts, as required by clause 2 of rule 34. Instead we have a copy of the stenographer's minutes of 140 pages of testimony and exhibits. Upon such a petition we cannot review issues of fact; and, there being no findings of fact under the rule, there is no issue of law to consider.

[4] The Act of May 27, 1926, is not applicable, whatever its effect might be if this proceeding had been of later date. The act went into effect August 27, 1926; it cannot apply to an appeal and a petition filed in this court on May 15th.

The petition to revise also is dismissed.