## CAMPBELL v. DALBEY et al.

Circuit Court of Appeals, Fifth Circuit.
December 15, 1927.

Rehearing Denied January 7, 1928.

No. 5105.

Bankruptcy ⊜185—Trustee, as against fraudulent mortgage, could recover property for benefit of creditors; judgment setting aside mortgage being avoided by adjudication (Bankr. Act, § 70e [11 USCA § 110]).

Within four months prior to bankruptcy, a creditor bank recovered a judgment in a state court as authorized by Rev. Civ. Code, La. arts. 1977, 1987, setting aside as fraudulent a mortgage by bankrupt, so far as affected its claim, held, that whether or not the trustee took such action as required under Bankruptcy Act, § 67f (11 USCA § 107), to preserve the lien of the judgment for the benefit of the estate, he had the independent right, under section 70e (11 USCA § 110), to avoid the mortgage and recover the property for general creditors; the bank's judgment having been avoided by the adjudication.

Appeal from the District Court of the United States for the Western District of Louisiana; Louis H. Burns, Judge.

In the matter of Alfred S. Campbell, bankrupt; Lucian W. Dalbey, trustee. Alfred Campbell appeals from a decree disallowing his claim to mortgage lien. Affirmed.

See, also, 12 F.(2d) 981.

James O. Modisette, of Jennings, La. (Modisette & Adams, of Jennings, La., on the brief), for appellant.

Robert R. Stone and Chas. A. McCoy, both of Lake Charles, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order disallowing appellant's claim of priority over general creditors of a bankrupt estate, but allowing that claim as an unsecured debt.

As appears from an opinion of this court on a former appeal, Alfred S. Campbell was adjudged a bankrupt on his voluntary petition on March 5, 1923. More than a year prior thereto he executed a mortgage to appellant, his father, to secure $8,600. The Calcasieu National Bank at that time held the bankrupt's note for $4,500, and within a year from the date of the mortgage brought suit against both the Campbells, in which judgment was rendered within four months prior to the adjudication in bankruptcy. That judgment set aside the mortgage in so far as it affected the bank's cause of action, on the ground that at the time the mortgage was given the mortgagor was insolvent to the knowledge of the mortgagee. It was such a judgment as is authorized by article 1977, La. Civil Code, and on appeal by the Campbells was affirmed by the Supreme Court of Louisiana. Calcasieu National Bank v. Campbell, 155 La. 378, 99 So. 337. Appellant procured the allowance of his mortgage by the referee in bankruptcy as a secured claim, but the bank intervened and later procured an order from the referee, which was confirmed by the District Court, to the effect that its judgment should be paid by preference over appellant from the proceeds of the sale of the mortgaged property, and that any excess should be paid to appellant. The trustee in bankruptcy was not made a party to either of these petitions in bankruptcy. However, he was duly notified of the proceedings in the state Supreme Court, but did not make any appearance therein. On appeal, this court held that the adjudication in bankruptcy had the effect of annulling the lien created by the bank's judgment, because it was rendered within four months prior to such adjudication, but that the right under the judgment was subject to be preserved by the trustee for the benefit of the bankrupt estate; and, further, that the trustee in bankruptcy was not limited to seeking a preservation of the judgment lien under section 67f (11 USCA § 107), but also had the right under section 70e (11 USCA § 110) to avoid any transfer by the bankrupt of his property, which any

creditor of the bankrupt might have avoided, and that this latter right was not subject to the four months' limitation. The decree was reversed, and the cause remanded, with directions that the bank have leave to make the trustee in bankruptcy a party defendant to its petition, and that such trustee be ordered to resist the claims both of appellant and of the bank. Campbell v. Calcasieu National Bank (C. C. A.) 12 F.(2d) 981. Upon the going down of the mandate issued on the former appeal, the trustee intervened and obtained a rule against appellant and the bank to show cause why their claims of priority should not be rejected. No new evidence was offered, but the case was submitted on the same state of facts, and resulted in a decree disallowing the claims of priority of both appellant and the bank, and ordering the trustee to distribute the proceeds of sale from the mortgaged land ratably among all the creditors of the bankrupt estate.

Appellant insists, now that the trustee is a party, that the adjudication in bankruptcy had the legal effect of destroying the bank's lien, and that therefore there was no right which could be preserved under section 67f for the benefit of the bankrupt estate. The case of In re Walsh Bros. (D. C.) 195 F. 576, is relied on, and seems to support the view that steps must be taken by the trustee before the lien is discharged in order to preserve it. That case, as we think, places an erroneous construction on the section of the Bankruptcy Act under consideration. It certainly is not supported by Davis v. Crompton (C. C. A.) 158 F. 735, which is cited therein, and also relied on by appellant; for there the receiver of the bankruptcy court by adverse proceedings obtained the property upon which there was a lien from the possession of the state court, and of course, by doing so, discharged the lien by virtue of which that property was being held. Appellant also cites Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577. In that case the trustee's motion for an order under section 67f, that the right under the attachment lien should be preserved for the benefit of the estate, was denied, and on that ground it was held that the lien was not preserved by that section, but was dissolved under section 67c. Section 67f would be ineffective to preserve a lien if by operation of law it was discharged by an adjudication in bankruptcy, because such adjudication must take place before a trustee is appointed, and obviously a trustee is without power to act until he is appointed. It may be conceded that the trustee should

have taken steps to preserve the bank's lien in the early stages of this case, but we do not think his rights were thereby lost, in view of the fact that the rival claims of appellant and of the bank continued to be in litigation at the time he was directed under an order of this court to oppose both claims. The order that was complained of on the first appeal was, under sections 2(2) and 57k (11 USCA §§ 11, 93), subject to be reconsidered with the result that the claim allowed could be thereafter disallowed at any time before the estate was closed. Jones v. Clower, 22 F.(2d) 104.

As is stated in the former opinion in this case, the trustee, even though the right to preserve the lien under section 67f had been lost, had the right to avoid under section 70e any transfer by the bankrupt which any creditor might have avoided. The bank's suit was brought within one year from the giving of the mortgage, and was not prescribed by the state law (La. Revised Civil Code, art. 1987); and the judgment of the state court which set aside that mortgage in so far as it affected the bank is authorized by article 1977 of that Code. It follows from section 70e that the trustee not only succeeded to the bank's right to avoid appellant's mortgage to the partial extent that it affected the bank, but also was given the authority to avoid that mortgage fully and completely and recover the entire mortgaged property or its value, for the benefit of all the creditors of the bankrupt. Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507.

The judgment is affirmed.