## In re MEIFERT.

## HYMAN v. MEIFERT.

### No. 5849.

Circuit Court of Appeals, Sixth Circuit.

April 15, 1932.

Meyer Gordon, of Lorain, Ohio (Hugh Wells, of Cleveland, Ohio, on the brief), for appellant.

Sidney N. Weitz, of Cleveland, Ohio, for appellee.

Before HICKS and HICKENLOOPER, Circuit Judges, and HAHN, District Judge.

HICKS, Circuit Judge.

Meifert was adjudicated a bankrupt upon his voluntary petition. This case involves his exemption rights. He claimed that he was not the owner of a homestead and that he was therefore entitled to certain personal property selected by him of the value of $500 as exempt under section 11738 of the General Code of Ohio. The trustee denied the claim. The bankrupt excepted. The referee overruled the exceptions and the bankrupt filed his petition for review. Thereupon the referee certified this question to the judge: "Was bankrupt entitled to have set off to him the exemptions which he claimed in his schedule in lieu of a homestead?" He also certified a "statement of facts and summary of evidence."

The District Judge overruled the referee and held that the bankrupt was entitled to the exemptions in the personal property claimed by him upon condition that the homestead owned by the bankrupt and his wife be sold either through foreclosure proceedings by the mortgagee or by the trustee in bankruptcy, and that the trustee be subrogated to the joint right and equity of the bankrupt and his wife in such surplus as may be produced from the sale after the payment of the mortgage indebtedness. The trustee was allowed an appeal by this court under the provisions of section 24b of the Bankruptcy Act, 11 USCA § 47 (b).

It is manifest that the record presents no reviewable question. It contains no findings of fact and it does not appear that the statement of facts certified by the referee was "accepted by the District Judge." There is no statement of evidence as provided by General Equity Rule 75 (b), 28 USCA § 723. In other words, appellant has failed to comply with rule 34, par. 2 of the court [see Hiller v. Olmstead, 54 F.(2d) 5, 7 (C. C. A. 6)], and we are unable to say that the appellee is not now entitled to the relief conditionally granted, if in fact such a conditional order as was made is sufficiently final to justify review. Compare Carter v. Ross, 8 Ohio Cir. Ct. R. 139, affirmed 54 Ohio St. 664, 47 N. E. 1116; In re Stitt, 252 F. 1 (C. C. A. 6). If we should consider the record as presenting an appeal "as in equity cases" under section 25a (3), Bankr. Act, 11 USCA § 48 (a) (3), from a judgment allowing a "claim of $500 or over," the same result would follow.

For the reasons indicated the appeal is dismissed.