## In re L. H. LEWIS CO.

## FARRACY v. IRVING TRUST CO.
### No. 6669.

Circuit Court of Appeals, Fifth Circuit.
Dec. 17, 1932.

Rehearing Denied Jan. 10, 1933.

John Davis, of Dallas, Tex., for appellant.

Rosser J. Coke and John N. Jackson, both of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

In this case the material facts, which are undisputed, are these: The trustee, by a

judgment of the Supreme Court of Texas, recovered an amount of $43,000, with interest, from the Southwest National Bank of Dallas, money that had been unlawfully diverted from the bankrupt to the payment of certain personal notes of two of its officers. Farracy v. Security National Bank (Tex. Com. App.) 29 S.W.(2d) 1073. In bringing the suit, the trustee proceeded under the provisions of section 70e of the Bankruptcy Act (11 USCA § 110 (e), and alleged that at the time of the unlawful payment the bankrupt was indebted to the American Exchange National Bank of New York in the sum of $36,-238.05. The said bank was the only creditor of the bankrupt at the date of adjudication holding a claim created and existing prior to the time of the unlawful diversion of the bankrupt's funds. That creditor was not a party to the suit in the state court. Dividends totaling 75 per cent. of the claim were paid. Appellee, the Irving Trust Company, succeeded to the rights of the American Exchange National Bank, and claimed payment in full of the debt by priority, on the theory that recovery by the trustee was first for its sole benefit, only the balance going to the fund for general unsecured creditors. This contention found favor with the referee, and on review by the District Court he was affirmed. This appeal by the trustee followed.

The District Court in deciding the case considered himself bound by our decision in American Trust & Savings Bank v. Duncan, 254 F. 780. In this he was in error. That case is easily distinguishable. The fund came into the hands of the trustee burdened with a lien in favor of a pre-existing creditor. We gave effect to the lien, under the provisions of section 67 of the Bankruptcy Act (11 USCA § 107), and allowed preferential payment of the debt. The decision did not go further than that.

■ It is settled that, where a recovery is had by a trustee under the provisions of section 70 of the act (11 USCA § 110), it is for the benefit of all the creditors. A creditor whose debt was in existence prior to the unlawful disposition of the bankrupt's property is not entitled to payment by preference unless he is the holder of a valid lien on the property or fund recovered or is entitled to priority under the provisions of the Bankruptcy Act. Moore v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133; Globe Bank v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; Mullen v. Warner (C. C. A.) 11 F.(2d) 62; Campbell v. Dalbey (C. C. A.) 23 F.(2d) 229; Cohen v. Schultz (C. C. A.) 43 F.(2d) 340. It does not appear that appellee was

the holder of a valid lien on the fund recovered by the trustee nor that it is entitled to payment by priority under any provision of the Bankruptcy Act.

Reversed and remanded.