**DETROIT TRUST CO. v. UNION GUARD-
IAN TRUST CO.**

Nos. 6217, 6218.

Circuit Court of Appeals, Sixth Circuit.

May 15, 1933.

Irvin Long, of Detroit, Mich. (Good-enough, Voorhies, Long & Ryan, of Detroit, Mich., on the brief), for Detroit Trust Co.

Henry Glicman, of Detroit, Mich. (Finkelston, Lovejoy & Kaplan, of Detroit, Mich., on the brief), for Union Guardian Trust Co.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Prior to adjudication a receiver in bankruptcy was appointed and took possession, in whole or in part, of premises previously occupied by the bankrupt. Both parties now complain of the allowance, by the court below, of reasonable rental or compensation for the occupancy of such premises by the receiver and trustee in bankruptcy for a period of 74 days. The referee allowed $5,344.28. Petition for review having been filed, the court increased this allowance to $15,500, stating that the reasonable rental value of the premises, exclusive of taxes, was the sum of $10,500, and the proportionate amount of taxes assignable to the period of receiver's occupancy, which the court evidently regarded as a legitimate part of the reasonable rental to be allowed, was the sum of $5,000. Thereupon both parties filed petitions to superintend and revise in matter of law under section 24b of the Bankruptcy Act, 11 USCA § 47 (b).

In a proceeding to revise under section 24 (b) this court is limited to a review of questions of law properly preserved by the record. The statute does not contemplate any review of the facts by the appellate court and we cannot determine such issues. Upon this point the authorities are unanimous, but see In re Stewart, 179 F. 222, 228 (C. C. A. 6); In re Ann Arbor Mach. Corp., 274 F. 24 (C. C. A. 6); In re Novo Pathic Hospital Co., 14 F.(2d) 955 (C. C. A. 6); In re Meifert, 57 F.(2d) 861 (C. C. A. 6).

We find here no such question of law presented for review. Both parties agree that the landowner is entitled only to the fair rental value of that portion of the premises used by the receiver and trustee during their occupancy. Apparently, also, both parties agree that where the premises have been under lease to the bankrupt and are occupied in their entirety by the receiver and trustee, the rental stipulated in the lease is the prima facie measure of the fair rental value to be allowed. They disagree only as to the extent to which the basement and ground floor of the

building were occupied by the receiver and trustee and the landlord thereby excluded from enjoyment. This is a question of fact and of fact alone.

 It is true that the question whether there is any substantial evidence upon which to base the finding of the court below may be regarded as a question of law if properly preserved. In the present case the referee in bankruptcy made separate findings of fact and conclusions of law based thereon. Under local rule of court (rule 29, section (e) the petition for review was apparently heard upon the certificate of the referee incorporating the referee's findings but not the evidence upon which they were based. However, these findings of fact are not "accepted by the District Judge" as required by rule 34 (2) of this court, and the District Judge quite obviously disagreed with the referee upon the controlling fact issues. There is a presumption of verity which attaches to all judgments of a court of record, and in the absence of any showing to the contrary we cannot assume that the District Court acted entirely without evidence, either in the form of proofs, or, what is the equivalent, concessions on the part of counsel, which evidence or concessions properly justified the court in modifying the ruling made by the referee. There is, therefore, no sound reason for holding that the action of the court below was not supported by substantial evidence.

For the reasons stated the decision of the District Court is affirmed.