## In re WALSH BROS.

(District Court, N. D. Iowa, E. D.   March 27, 1912.)

No. 596.

1. BANKRUPTCY (§ 140*)—ADVERSE CLAIMS TO PROPERTY—RIGHTS OF TRUSTEE.
    A trustee in bankruptcy has the rights of the bankrupt only as to property adversely claimed by a third person.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

2. BANKRUPTCY (§ 207*)—ATTACHMENT LIENS—PRESERVATION FOR BENEFIT OF ESTATE.
    Where it is desired to preserve an attachment or execution lien on the property of a bankrupt for the benefit of the estate, under Bankruptcy Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), steps must be taken to that end before the lien is discharged, and the subrogation of the trustee as plaintiff in the attachment suit after the lien has been discharged as the effect of the adjudication does not revive the lien.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 207.*]

In the matter of Walsh Bros., bankrupts.   Petition by the trustee for review of an order of the referee allowing the claim of the J. I. Case Plow Company to certain property claimed by the trustee.   Order affirmed.

H. J. Fitzgerald and J. C. Campbell, for trustee.
Almond W. Bulkley and F. Lingenfelder, for J. I. Case Plow Co.

REED, District Judge.   This matter is submitted upon a petition of the trustee for review of an order of the referee allowing the claim of the J. I. Case Plow Company to certain property that it sold to the bankrupts prior to the bankruptcy upon a contract of conditional sale, and for which they never paid.   The contract was not recorded as required by the recording statutes of Iowa.   The case was before the court on a former date.   See In re Walsh Brothers (D. C.) 159 Fed. 560.   The Plow Company executed a bond to the trustee for the return of the property, as authorized by the order in that case, and then presented its claim to the referee, who upon the hearing thereof sustained the same except as to property of the value of $93.52, which amount it was required that the company pay to the trustee.

[1] As to the property in controversy, the trustee stands in the shoes of the bankrupts only.   Nauman Company v. Bradshaw, 193 Fed. 350, Court of Appeals, this circuit; In re Hager (D. C.) 166 Fed. 972.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The Plow Company is therefore entitled to the property or its value unless the attachment lien of P. Walsh, Sr., has been preserved for the benefit of the estate, as provided by section 67f of the Bankruptcy Act, which reads as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect; provided, that nothing herein contained shall have the effect to destroy, or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value, who shall have acquired the same without notice or reasonable cause for inquiry."

April 13, 1908, the referee entered an order, upon request of the trustee made that day, authorizing him to appear in the state court in the attachment suit of P. Walsh, Sr., against the bankrupts, which was begun in December preceding the bankruptcy, and be subrogated to the rights of the attaching creditor in that suit by preserving the lien of such attachment for the benefit of the bankrupt estate. The trustee so appeared, was subrogated in lieu of the plaintiff therein, and the action is still pending undetermined.

The petition in bankruptcy was filed January 17, 1908, and the adjudication was January 21st following. The adjudication at once discharged and released the lien of the attachment, unless the court should order it preserved for the benefit of the bankrupt estate as provided in the section above quoted. That section does not prescribe when such order shall be made, nor the proceedings required to preserve the lien. The trustee was elected February 13, 1908, and no request was made by him or by any creditor to have the attachment lien preserved, and no order was made by the referee authorizing him to appear in the state court until April 13, following. The attachment lien had then been dissolved and released by operation of law for two months, and the trustee could only be subrogated to such rights as the attaching creditor then had which were none. In any case wherein it is desired to preserve an attachment or execution lien upon the property for the benefit of the estate under section 67f, steps must be taken to that end before the lien is discharged. Davis v. Crompton, 158 Fed. 735–743, 85 C. C. A. 633. The subrogation of the trustee as plaintiff in the attachment suit after the lien has been discharged does not revive the lien. The trustee therefore acquired no rights under the attachment of P. Walsh, Sr.

It follows that the order of the referee must be approved, and it is so ordered.