## In re PRENTICE.

(District Court, D. Massachusetts. August 31, 1920.)

No. 26954.

1. **Bankruptcy ⊜228—Findings of referee, valid on face, final, in absence of evidence.**

   The findings of the referee, which do not appear to be clearly wrong on the face of the certificate, must be accepted as final and conclusive, when the evidence is not reported.

2. **Bankruptcy ⊜207—Attachment lien preserved only by affirmative action.**

   Under Bankruptcy Act, § 67f (Comp. St. § 9651), dissolving an attachment levied within four months before bankruptcy, unless the court shall on due notice order it preserved for the benefit of the estate, the mere adjudication and appointment of a trustee do not preserve the attachment, but there must be affirmative action of the court to that effect.

3. **Judgment ⊜707—Default of mortgagee summoned as trustee in state court held not to affect rights as against mortgagor or other creditors.**

   Whether or not a mortgagee lost his right to insist on his mortgage as against an attaching creditor in the state court, by reason of his default when summoned as a trustee in that court, the default did not invalidate his mortgage generally, nor affect it as between himself and the mortgagor or other creditors in bankruptcy proceedings.

In Bankruptcy. In the matter of Herbert H. Prentice, bankrupt. Order of referee on the claim of Jonathan A. Brackin vacated, and case recommitted.

Frank H. Cande, of Pittsfield, Mass., for trustee.
M. B. Warner, of Pittsfield, Mass., for mortgagee.

MORTON, District Judge. [1] At the time of the adjudication the property in question was under attachment on mesne process in the action brought by Brett against the bankrupt in the state court. Except as they may be affected by the proceedings in that action, the mortgages are found by the learned referee to be valid. The findings on this point do not appear to be clearly wrong on the face of the certificate, and as the evidence is not reported they must be accepted as final and conclusive.

[2] The lien which the trustee is now asserting against the mortgagee rests on the attachment. It was less than four months old at the date of the adjudication, and was thereby dissolved—

"unless the court shall on due notice, order that the right under such · * * * attachment * * * shall be preserved for the benefit of the estate." Bankruptcy Act, § 67f (Comp. St. § 9651).

The mere adjudication and appointment of a trustee do not of themselves operate to preserve an attachment; there must be affirmative action to effect that result. Davis v. Crompton, 158 Fed. 735, 743, 85 C. C. A. 633; In re Walsh Brothers (D. C.) 195 Fed. 576; In re Jules & Frederic Co., 36 Am. Bankr. Rep. 233. It follows that the lien of the attachment has not passed to the trustee and cannot now be asserted by him against the mortgagee.

[3] Whether, as between the attaching creditor and the mortgagee, the latter lost his right to insist on his mortgage by reason of his default in the state court when summoned as trustee, it is unnecessary to determine. His petition to remove the default is still pending there and it would seem probable that he would have had the right to present the merits of his position to the bankruptcy court, if proceedings had been instituted to preserve the attachment for the purpose of defeating his mortgage. The statute explicitly provides that "due notice" shall be given of proceedings to preserve attachments, presumably for the purpose, inter alia, of enabling the court to deal with such matters on an equitable basis. Whatever the effect of the mortgagee's default may have been as between him and the attaching creditor, it certainly did not invalidate the mortgages generally; nor affect them as between the mortgagee, and the mortgagor or other creditors of the mortgagor.

As to the after-acquired property the referee was clearly right; it was, on the facts found, not subject to the mortgages, and belongs to the trustee. It should perhaps be observed that the procedure followed was not entirely regular; but the merits have been fully presented, and neither party has made any objections on purely formal grounds.

The order of the referee must be vacated, and the case recommitted to him for further proceedings in accordance with this opinion.