In re **CUSTER.**

No. 7932.

District Court, S. D. Ohio, E. D.
Nov. 19, 1931.

719

Gilbert Bettman, Atty. Gen., and E. L. Bush, of Washington C. H., Ohio, for Superintendent of Banks of State of Ohio.

R. R. Maddox, of Washington C. H., Ohio, for trustee in bankruptcy.

Troy T. Junk, of Washington C. H., Ohio, for bankrupt.

HOUGH, District Judge.

This case is submitted to the court upon a petition for review from the proceedings of the referee. Petition in bankruptcy was filed on the 16th day of December, 1930. On the 15th day of August, 1930, the bankrupt and his wife joined in a real estate and chattel mortgage to secure a debt to the Farmers' Bank of Jeffersonville. In the process of the administration of the bankrupt estate, the trustee in bankruptcy filed his petition to sell the real estate free of liens. The state superintendent of banks having taken charge of the mortgagee bank under provision of law, filed his answer and cross-petition to the trustee's petition, in which is set up the amount due on the real estate mortgage, and consented to the sale of the property, praying that the mortgage lien be transferred to the fund arising from the sale. The superintendent of banks also claimed lien upon the chattel property covered by the chattel mortgage. The trustee filed his answer to the cross-petition, denying the validity of the chattel mortgage as a lien because of the failure to file the same as such more than four months prior to the filing of the bankruptcy proceedings. The wife of the bankrupt filed her cross-petition asking for the setting aside to her out of the fund, the amount to which she might be entitled as dower.

The referee found both mortgages to be preferences against the creditors because filed for record less than four months from the filing of the petition in bankruptcy. The bankrupt claims out of the fund arising from the sale of the assets of the estate $500 in lieu of a homestead.

By the provisions of section 8542, General Code of Ohio, a real estate mortgage shall take effect as such from the time it is delivered to the recorder of the proper county for record. The mortgage in question was delivered for record on the 18th day of August, 1930—less than four months from the filing of the petition in bankruptcy. The term "month" employed in statutes, and not appearing to have been used in a different sense, denotes a period terminating with the day of the succeeding month numerically corresponding to the day of its beginning, less one. 5 Words and Phrases, First Series, page 4575. And under section 8560, General Code of Ohio, a chattel mortgage not accompanied by immediate delivery of the property, and followed by an actual and continued change of possession, is absolutely void as against creditors of the mortgagor, until the time of its filing for record in the proper office of record. This chattel mortgage was filed for record on the 18th of August, 1930, which was less than four months from the date of the filing of the petition in bankruptcy. Both mortgages, therefore, are preferences as contemplated by the Bankruptcy Act, §§ 60a, 60b (11 USCA § 96 (a, b). That a chattel mortgage until filed is ineffective to fasten a lien upon its subject matter as against creditors in bankruptcy, see In re Schilling (D. C.) 251 F. 972; Massachusetts Bonding & Insurance Co. v. Kemper (C. C. A. 6) 220 F. 847; In re K–T Sandwich Shoppe (D. C.) 34 F.(2d) 962.

The fund, therefore, arising from the sale of the mortgaged property, both real and chattel, is not impressed with the specific liens claimed by the bank.

Section 67f of the Bankruptcy Act (section 107, USCA (f) in part reads as follows: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

■■ Under the laws of the state, the bankrupt would be entitled to an exemption not exceeding $500, payable from the fund in the hands of the trustee, in lieu of a homestead, unless that fund, the proceeds of the sale of the mortgaged real and personal property, is impressed with a lien encompassing the fund. As has been stated, the claimed lien of the mortgagee bank does not do so. Does then the possession of the fund preserve it for the benefit of the estate, or, in other words, does the ineffectual lien claimed by the bank extend itself into a general lien against the fund for the benefit of all the general creditors? Such is not the case. That result may be accomplished under the terms of section 67f of the Bankruptcy Act, but then only upon the affirmative action of the court, as is evidenced by the language used in the section, to wit: "Unless the court shall, on due notice, order that right. * * *" Goodnough Co. v. Galloway (D. C.) 171 F. 940; In re Walsh Bros. (D. C.) 195 F. 576; In re Prentice (D. C.) 267 F. 1019; In re Alabama Coal & Coke Co. (D. C.) 210 F. 940; In re Malone's Estate (D. C.) 228 F. 566. In the Prentice Case, supra, it was held that: "Under Bankruptcy Act, § 67f [11 USCA § 107 (f)], dissolving an attachment levied within four months before bankruptcy, unless the court shall on due notice order it preserved for the benefit of the estate, the mere adjudication and appointment of a trustee do not preserve the attachment, but there must be affirmative action of the court to that effect."

The United States Supreme Court, in commenting upon section 67f of the act (11 USCA § 107 (f), have said in First National Bank v. Staake, 202 U. S. 141, 147, 26 S. Ct. 580, 583, 50 L. Ed. 967: "This is one of the very contingencies provided for by the second clause of the section, which apparently vests in the court a certain discretion with regard to the preservation of the right acquired under the attachment or other lien. * * *"

In the case of Globe Bank v. Martin, 236 U. S. 288, 299, 35 S. Ct. 377, 381, 59 L. Ed. 583, referring to the same subject, the court had this to say: "Section 67f [11 USCA § 107 (f)] came again under consideration in First National Bank v. Staake, supra, in which property of the bankrupt had been seized by attachment within four months of the filing of the petition, and § 67, particularly subdivision (f), was given full consideration, and it was held that where the benefit of the attachment was claimed by the trustee in bankruptcy, and the court had ordered the same to be preserved for the benefit of the estate, so much of the value of the property attached as was represented by the attachment passed to the trustee for the benefit of the entire body of creditors. * * *"

In Fallows v. Continental Savings Bank, 235 U. S. 300, 305, 35 S. Ct. 29, 30, 59 L. Ed. 238, the following appears: "The propriety of subrogating the trustee to whatever liens were acquired under the judgments has been sustained by the three tribunals below. There is no proof showing an abuse of the discretion necessarily vested in them, and we accept their action in that regard as correct. * * *"

■ From the language used in section 67f (11 USCA § 107 (f) and the construction placed upon it by the several courts above mentioned, it seems clear that, in order to resuscitate a lien void as to the creditor to whom given, by applying it to the advantage of the entire body of creditors, such result can only be accomplished upon due notice, and upon the exercise of the affirmative expression of the court. Such procedure is absent so far as is disclosed by the record here certified.

■ The question in respect to the right of the wife of the bankrupt to dower out of the fund arising from the sale of the mortgaged premises has been settled in this jurisdiction by the decisions of the Court of Appeals In re Lingafelter, 181 F. 24, 32 L. R. A. (N. S.) 103; Marsh v. Walters et al., 220 F. 805; Watson v. Adams, 242 F. 441. In the Lingafelter Case it is held that: "A wife's right of dower in her husband's real estate cannot be separated from the principal estate, and where a mortgage given by him to secure a debt of his own, in which she joined for the purpose of releasing her dower interest, is set aside after his bankruptcy as a preference, and the property restored to his general estate, such mortgage is also inoperative to release or bar her dower right and cannot be enforced by the mortgagee as a conveyance of her dower interest in the property."

In the Walters Case, the same question was presented, and the same court say on page 809 of the opinion in 220 F.: "We may add that Mrs. Zimmerman's dower interest was not a part of the bankrupt's estate, and her joining in a preferential conveyance, afterwards declared, invalid, would not deprive her of the right of dower."

The conclusion is reached that the bank-

rupt is entitled to the allowance of the proper amount in lieu of a homestead, and that the wife of the bankrupt is entitled to her dower out of the proceeds of the fund.

The case may be re-referred to the referee, with directions to proceed in accordance with this opinion.