## In re KLINE.

### No. 18422.

District Court, W. D. Pennsylvania.

March 15, 1934.

Harry Doerr, of Johnstown, Pa., for exceptant.

Percy Allen Rose, of Johnstown, Pa., for bankrupt.

SCHOONMAKER, District Judge.

This case comes now before the court on certificate to review an order of the referee allowing claims of Blauners Affiliated Stores, Inc.; L. E. Lindley; and the Haverfield Company, to certain moneys in the hands of the trustee as trust funds held for the benefit of parties claimant.

The question involved is whether or not these parties claimant occupy the position of creditors cestui que trustents as to certain moneys collected by the trustee. The referee allowed the funds in question to the claimants as trust funds.

From the facts of the case, as disclosed in the opinion of the referee, it appears that George K. Kline conducted a department store at Johnstown, Pa.; and that at some time prior to his bankruptcy, he leased store space in his department store to each of the parties claimant for the purpose of permitting the claimants to use the space leased in selling their goods.

So far as the general public was concerned, the business was apparently carried on in the name of "Kline's Department Store"; but by the contract between the bankrupt and these individual claimants, each of them furnished the merchandise for sale in the store space rented; and these individual claimants each hired his own sales force, and conducted the business in his department, free and independent of Kline. Each of the parties claimant paid his own taxes and licenses, kept his own stock records. The bookkeeping and accounting service for these several departments conducted by these parties claimant was furnished by Kline, who was to receive for his compensation 10 per cent. of the receipts of all sums of money for the sale of goods in these several departments; it being the understanding that all the moneys collected by Kline should be in trust for the parties claimant; and that so far as credit accounts were concerned, no credit was to be extended by any of these parties claimant to any person except with the approval of Kline, who guaranteed the collection of all such accounts.

At the time that bankruptcy intervened, Kline had accounted to these several parties claimant for all moneys he had received up to that date, and some additional amounts.

The funds now in dispute were the sums collected by the receiver and trustee in bankruptcy on accounts owing by purchasers of goods in these several departments leased by the parties claimant from Kline, and for these sales made in those departments since bank-

ruptcy, and while the store was conducted by the receiver and the trustee in bankruptcy. The trustee and receiver were one and the same person. He kept a separate account of collections received on these accounts for goods sold from the departments belonging to the claimants in each case. The referee held that this money was collected as trust money belonging to these individual claimants, and not as assets of the bankrupt estate; and to the extent of these collections, the claimants were entitled to have this money paid to them as trust money.

It is clear to us that under the agreements by which these claimants occupied space in Kline's Department Store, Kline held the position merely of agent or trustee in the collection of moneys due and owing for goods sold on credit by the several departments. The agreements so plainly state, and provide for a separate account of these items of money collected. After bankruptcy intervened, by the order of the referee the receiver and trustee kept separate accounts of these items. There is therefore no difficulty in tracing the sums collected by the receiver and trustee on these credit items. We are therefore of the opinion that the relation of debtor and creditor did not exist between the bankrupt and the several claimants as to the moneys collected by the receiver and trustee on these credit accounts; but that this money was trust-fund money and was properly allotted by the referee to these claimants. This conclusion is supported by In re Steele-Smith Dry Goods Co. (D. C.) 298 F. 812; Harvey Brokerage Co. v. Ambassador Hotel Corporation (D. C.) 57 F.(2d) 727.