**In re EFFENSON.**

**No. 70543.**

United States District Court
D. Massachusetts.

Feb. 2, 1950.

262

■■■

———◆———

Jacob S. Aronson, Boston, Mass., for petitioner.

FORD, District Judge.

The bankrupt petitions for review of the referee's order denying his discharge in bankruptcy. Petitioner was discharged in a previous voluntary bankruptcy on November 10, 1942. His present voluntary petition was filed November 10, 1948, and he was adjudged bankrupt the same day. The question is whether the referee correctly held that the previous discharge was given within six years prior to the present bankruptcy so as to bar the discharge in the present bankruptcy.

■ The referee in computing the time applied § 31 of the Bankruptcy Act, 11 U.S.C.A. § 54. Cf. 2 Collier on Bankruptcy, 14th Ed., § 31.02. Petitioner's argument seems to be that the referee erred in counting forward from the earlier discharge, excluding November 10, 1942, and thus making November 10, 1948 the last day of the applicable six-year period, and he contends that the time should be counted *back* from the date of the present bankruptcy. But this method though technically more correct, produces no more favorable result for petitioner. November 10, 1948 is not counted. It is the first day, counting backwards. Apart from § 31 of the Act, the general rule that in computing time from an event, the day of that event is not counted, has been applied to computing time before as well as time after the event. Rosenplanter v. Provident Sav. Life Assur. Soc. of New York, 6 Cir., 96 F. 721, 46 L.R.A. 473; Hicks v. National Life Ins. Co., 2 Cir., 60 F. 690. Thus the last day of the six-year period prior to the present bankruptcy was November 9, 1948, and the first day of that same six-year period was November 10, 1942. The previous discharge, having been granted on the first day of the six years, occurred within the six years and bars a discharge in the present

ent proceedings. A like result has been reached in computing a period of four months before bankruptcy. In re Custer, D.C., 55 F.2d 718; In re Warner, D.C., 144 F. 987. In Bell v. West, 4 Cir., 44 F.2d 161, a lien created by attachment on February 13, 1928 was held voidable as having been acquired within four months prior to bankruptcy on June 13, 1928.

Petition is dismissed, and the order of the referee is affirmed.