In the Matters of **JOHNSTON CON-STRUCTION, INC.,** Bankrupt,
and
**Ralph A. Johnston, Jr.,** Bankrupt.
Nos. 102327, 102328.

United States District Court

S. D. California,
Central Division.
April 8, 1960.

Russell B. Seymour, Los Angeles, Cal., for petitioners.

C. E. H. McDonnell, Los Angeles, Cal., James O. Ball, Van Nuys, Cal., and Robert K. Tuller, Fullterton, Cal., for petitioning creditors.

Robert B. Powell, Referee in Bankruptcy, Santa Ana, Cal.

BYRNE, District Judge.

On September 15, 1959, an involuntary petition in bankruptcy was filed against each petitioner. An answer was filed by each petitioner which, *inter alia*, denied the commission of an act of bankruptcy. Thereafter, and before any trial of the issues raised by the answers, a petition for a plan of arrangement under the provisions of § 321 (11 U.S.C.A. § 771) was filed by each petitioner. Each petitioner failed, within the time fixed by the Court, to obtain necessary consents or to file any application to confirm a plan of arrangement, and indicated that each was then unable to proceed with the plan of arrangement. The Referee thereupon commenced a trial of the issues raised by the answers to the involuntary petitions, but without concluding the trial, continued the matter to January 13, 1960, at which time he discontinued the trial over the objections of the petitioners and directed the entry of an order of adjudication of each petitioner and appointed A. J. Bumb trustee in bankruptcy in each case. Within due time petitions for review were filed.

The question for decision is: did the Referee err when he adjudicated each petitioner to be a bankrupt under the provisions of § 376 (11 U.S.C.A. § 776) of the Bankruptcy Act without first trying the issues raised by the involuntary petitions in bankruptcy and the answers thereto.

There are two sections of the Bankruptcy Act which authorize the filing of a petition for a Chapter XI plan of arrangement. Section 321 (11 U.S.C.A. § 721) relates to a petition filed in a *pending* bankruptcy proceeding, and § 322 (11 U.S.C.A. § 722) relates to the filing of a petition *when no bankruptcy proceeding is pending*. Thus, a dichotomy is established in the Act, a distinction being taken as to petitions for arrangement filed in a pending bankruptcy proceeding and those filed when no bankruptcy proceeding is pending. This distinction is preserved in the sections having to do with plans of arrangement that are not confirmed. Section 376 (11 U.S.C.A. § 776) provides that "if the (plan for arrangement is not confirmed), the court shall—

"(1) where the petition was filed under § 321 of this title, enter an order dismissing (the petition for an arrangement) and directing that the bankruptcy be proceeded with pursuant to the provisions of this title; or

"(2) where the petition was filed under § 322 enter an order, upon hearing after notice * * * either adjudicating the debtor a bankrupt * * * or dismissing the proceeding under this chapter * * *."

It will be seen that the Act provides different enumerations of powers of the bankruptcy court in the event an arrangement is not confirmed, depending upon whether bankruptcy proceedings were pending at the time the petition for an arrangement was filed. It is clear that in a case where bankruptcy proceedings were pending at the time the petition for arrangement was filed, that is to say a § 321 case, the Referee, where the plan for arrangement is not confirmed, must restore the status quo ante and proceed as though the petition for arrangement had not been filed. In the instant case that would mean that he should try the issues raised by the involuntary petitions in bankruptcy and the answers thereto.

An examination of § 378 (11 U.S.C.A. § 778) will dispel any doubt as to what Congress intended in the event that a plan for arrangement is not confirmed and bankruptcy proceedings are pending. Section 378 provides that upon the entry of an order directing that bankruptcy be proceeded with—"In the case of a petition filed under section 321 of this title, the bankruptcy proceeding *shall be*

*deemed reinstated and thereafter shall be conducted,* so far as possible, *as if (the petition for arrangement) had not been filed."* (Emphasis added).

The portions of the Referee's order adjudging the respective petitioners to be bankrupt and appointing a trustee in bankruptcy are reversed, and the Referee is directed to proceed with a trial of the issues raised by the involuntary petitions and the answers thereto.

The attorney for the petitioners is directed to prepare, serve and lodge a formal order pursuant to Rule 7 of the Rules of this Court, West's Ann.Code.