Alexander HENKIN, as Trustee in Bankruptcy of Towers Marts International, Inc., Plaintiff,

v.

ROCKOWER BROS., INC., Defendant.

No. 65 Civ. 1001.

United States District Court
S. D. New York.

May 3, 1966.

Samuel P. Adelman, New York City, for plaintiff.

Otterbourg, Steindler, Houston & Rosen, New York City, for defendant; Arthur A. Greenfield, Kurt J. Wolff, New York City, of counsel.

LEVET, District Judge.

The plaintiff, Henkin, moves to strike

(1) defendant's first affirmative defense to plaintiff's second cause of action;

(2) defendant's second affirmative defense to plaintiff's second cause of action; and

(3) defendant's counterclaim to plaintiff's second cause of action

on the ground that said defenses and counterclaim are insufficient in law.

On April 5, 1963, Towers Marts International, Inc. (hereinafter "Towers") filed a petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq., and on April 23, 1963, Towers was adjudicated a bankrupt. On May 7, 1963, the plaintiff, Henkin, was duly elected Trustee in Bankruptcy of Towers and is now acting as said Trustee.

Prior to said bankruptcy, on April 19, 1961, Towers and defendant Rockower Bros., Inc. (hereinafter "Rockower") had entered into a so-called Master Licensing Agreement in the City of New York whereby Rockower agreed to operate leased men's wear departments in 18 stores owned by Towers. The results of that agreement are the subject of this suit and of the second cause of action which is in issue on this motion.

Plaintiff's second cause of action seeks to set aside a transfer of $67,566.12 from Towers to the defendant Rockower as a preferential transfer under Section 60 of the Bankruptcy Act, 11 U.S.C. § 96.

The complaint alleges:

1. that on February 18, 1963, Towers was indebted to defendant for over $100,-000 for moneys received by Towers from the proceeds of sales made by defendant and its wholly-owned subsidiaries at the store premises operated by Towers;

2. that on February 18, 1963, within four months of filing its bankruptcy petition, Towers transferred to defendant $67,566.12 on account of an antecedent indebtedness;

3. that at the time of the transfer Towers was insolvent, and that defendant or its agents at the time of the transfer had reasonable ground to believe that Towers was insolvent;

4. that the effect of this transfer was to enable defendant to obtain a greater percentage of its debts over some other creditors of the same class.

Thus, plaintiff alleges all the elements of a preferential transfer and seeks to recover from defendant the said sum of $67,566.12 with interest from February 18, 1963.

Plaintiff now moves to strike out the first and second affirmative defenses and the counterclaim to this cause of action. The first affirmative defense asserts that plaintiff's second cause of action was not instituted within two years of the adjudication in bankruptcy and, hence, is barred by the statute of limita-

tions. The second affirmative defense asserts that the monies which the defendant received were trust funds under the express provisions of the bankrupt's contract with defendant and that the payments to defendant could not, therefore, be preferential transfers. Alternatively, the defense alleges that plaintiff is estopped from maintaining this action because he has failed to commence actions against other persons identically situated to defendant, who received payments from the same fund to plaintiff's knowledge, and as to whom the statute of limitations has expired on such actions. The defense claims that this has caused a diminution in the size of any dividend which defendant could receive from such estate, and defendant counterclaims against the plaintiff, individually and as Trustee, for the dividend.

## THE DEFENSE OF THE STAT-UTE OF LIMITATIONS

The relevant statute of limitations is found in Section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e), which provides:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. * * *"

Section 302 of the Bankruptcy Act, 11 U.S.C. § 702, further provides:

"§ 702. Application of other provisions

"The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter [Chapter XI] apply in proceedings under this chapter. * * * For the purposes of such application the date of the filing of the petition in bankruptcy shall be taken to be the date of the filing of an original petition under section 722 of this title, and *the date of adjudication shall be taken*

*to be the date of the filing of the petition under section 721 or 722 of this title* except where an adjudication had previously been entered." (Emphasis supplied.)

Reading Section 11(e) of the Bankruptcy Act together with Section 302, it appears that the statute of limitations in Section 11(e) commences to run on the date of the filing of the Chapter XI petition, since under Section 302 the words "date of adjudication" in Section 11(e) are to be read as "date of the filing of the petition." A similar result is reached in Chapter X proceedings where the statute of limitations in Section 11 (e) runs from the date of the approval of the Chapter X petition since Section 102, 11 U.S.C. § 502, the correlative of Section 302 in Chapter X proceedings, specified that the date of approval shall be considered as the date of adjudication. Dabney v. Levy, 191 F.2d 201 (2nd Cir.), cert. denied 342 U.S. 887, 72 S.Ct. 177, 96 L.Ed. 665 (1951). I find the decision of the Bankrutcy Referee in In the Matter of Plummer, Ltd., 61 B 797, S.D.N.Y. June 23, 1964, cited by plaintiff, to the effect that the statute of limitations runs from the date of adjudication and not from the date of the filing of the Chapter XI petition totally unpersuasive since the Referee failed to take into consideration the relevant portions of Section 302.

As heretofore noted, the Chapter XI petition of Towers was filed on April 5, 1963. On that date, the two-year statute of limitations in Section 11 (e) commenced to run. While it may be argued that, if April 5, 1963, is counted, the statute ran on April 4, 1965, most courts have held that in the computation of years, as in the computation of days under Section 31 of the Bankruptcy Act, 11 U.S.C. § 54, the first day is excluded. In re Effenson, 88 F.Supp. 261 (D.Mass. 1950); 2 Collier, Bankruptcy, ¶ 31.02 (14th ed. 1964). See Burnet v. Willingham Loan & Trust Co., 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448 (1931); Joint Council Dining Car Employees Local 370, etc. v. Delaware, L. & W. R. Co., 157

F.2d 417, 421 (2nd Cir. 1946). Accordingly, the statute ran on April 5, 1965. Thus, if the filing of the complaint institutes proceedings for the purposes of Section 11(e), the present action is not time-barred. Under Rule 3 of the Federal Rules of Civil Procedure, the filing of the complaint is the commencement of an action. Defendant, however, contends that since plaintiff utilized the provisions of the New York "long-arm" statute, N.Y.Civil Practice Law and Rules § 302, he is bound by the New York rule that service of process, which did not occur here until April 20, 1966, commences the action. N.Y.Civil Practice Law and Rules § 203. The essential question at this juncture then is: In an action by the Trustee to set aside a preferential transfer, does federal or state law determine when a proceeding is instituted for the purposes of Section 11(e) of the Bankruptcy Act?

█ It is clear that an action to set aside a preferential transfer arises under the Bankruptcy Act itself, rather than under state law, and that the two-year statute of·limitations in Section 11(e) provides the maximum time period allowed. Herget v. Central Nat. Bk. & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945). See 1 Collier, Bankruptcy ¶ 11.13 (14th ed. 1964). The question still remains, however, whether filing the complaint or service of the summons tolls the statute. Since the cause of action here arises under federal law, and not state law, federal law should be applied to determine when the statute of limitations ceases to run. Bomar v. Keyes, 162 F.2d 136 (2nd Cir. 1947). Compare Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Accordingly, I hold that for the purposes of Section 11(e) the action here was instituted on April 5, 1965 and that, therefore, the action was timely brought.

Accordingly, defendant's first affirmative defense is insufficient.

## THE SECOND AFFIRMATIVE DEFENSE

█ The essential element of the second affirmative defense is the claim that the moneys which defendant Rockower received were trust funds, and not property of the bankrupt, Towers. It is elementary that a trustee may set aside a preferential transfer only if the property transferred was property of the bankrupt. 3 Collier, Bankruptcy, ¶ 60.07 [2] (14th ed. 1964).

█ Under the agreements attached as exhibits to the defendant's answer it appears that at least after January 28, 1963 the funds collected by Towers for Rockower were trust funds collected by a department store owner for its concessionaire. Such trust funds are not the property of the store owner. Matter of Kline, 7 F.Supp. 850 (W.D.Pa.1934) aff'd sub. nom. United States Nat. Bk. v. Blauner's Affiliated Stores, Inc., 75 F.2d 826 (3rd Cir. 1934); Harvey Brokerage Co. v. Ambassador Hotel Corp., 57 F.2d 727 (S.D.N.Y.1932). Accordingly, if the defendant can prove that the funds involved are trust funds, it will have a sufficient defense to the plaintiff's second cause of action. Plaintiff's motion insofar as it seeks to have the second affirmative defense stricken must, therefore, be denied.

█ The defendant asserts that it can conclusively show that the funds involved in the alleged perferential transfer were trust funds and has moved for summary judgment as to plaintiff's second cause of action. While it appears that there may be merit in defendant's motion, its present posture does not permit this court to grant it. In the first place, defendant has not made a formal motion but, rather, has relied on the theory that plaintiff's motion to strike insufficient defenses is in reality a summary judgment motion on which judgment may be granted for either party. Such is not the case; Rule 12(f) of the Federal Rules of Civil Procedure does not contain the phrase that allows Rule

12(b)(6) and Rule 12(c) motions to be converted into motions for summary judgment. Compare Fed.R.Civ.P. 12(f) with Fed.R.Civ.P. 12(b) (6) and 12(c). In the second place, the supporting affidavit is that of an attorney whose personal knowledge of the facts does not appear and some of the documents attached as exhibits to that affidavit are not sworn to or certified as required by Fed.R.Civ.P. 56(e). Such noncompliance cannot be overlooked. In the third place, defendant has not submitted a Rule 9(g) statement as required by Rule 9(g) of the General Rules of this court. Thus, I am compelled to deny defendant's motion for summary judgment without prejudice to a new application on appropriate papers.

## THE COUNTERCLAIM

 Under its counterclaim the defendant seeks to recover from the bankrupt estate and from the plaintiff, individually and as Trustee, for any reduction in its dividend from the bankrupt estate by reason of any moneys that it must return to the estate. Such counterclaim is based on plaintiff's laches and dereliction of his duties as Trustee and will not arise unless plaintiff recovers on his second cause of action. As such, the counterclaim has not yet matured and is not properly asserted at this time. Goodyear Tire & Rubber Co. v. Marbon Corp., 32 F.Supp. 279 (D.Del.1940). Furthermore, insofar as the counterclaim is asserted against the bankrupt estate and the plaintiff as Trustee, the claim there is not provable under Section 63 of the Bankruptcy Act, 11 U.S.C. § 103, since is sounds in tort not based on negligence and has not been reduced to judgment, and, accordingly, is not a proper counterclaim under Section 68 of the Bankruptcy Act, 11 U.S.C. § 108. New York Credit Men's Adjustment Bureau v. Bruno-New York, Inc., 120 F.Supp. 495 (S.D.N.Y.1954). Also, as against the plaintiff individually, the counterclaim is not proper at this time because the plaintiff is a party only in his representative capacity. Chambers v. Camer-

on, 29 F.Supp. 742 (N.D.Ill.1939). Accordingly, the counterclaim is properly stricken.

Plaintiff's motion to strike is granted as to defendant's first affirmative defense and as to defendant's counterclaim to plaintiff's second cause of action. The motion is denied as to defendant's second affirmative defense to the second cause of action.

Defendant's motion for summary judgment as to the second cause of action is denied without prejudice.

So ordered.