### In the Matter of IRA HAUPT & CO., a Limited Partnership, Bankrupt.

#### No. 64 B 259.

United States District Court
S. D. New York.

Aug. 15, 1967.

See also D.C., 280 F.Supp. 341.

---

Seligson & Morris, New York City, for trustee.

Murray H. Paloger, New York City, for Kamerman & Kamerman.

MOTLEY, District Judge.

*Memorandum Opinion on
Petition to Review*

Petitioner, Kamerman and Kamerman, seeks review of an order of the Hon. Edward J. Ryan, Referee in Bankruptcy, dated December 14, 1966. The order in question granted the Trustee's motion for reargument of a motion made by Petitioner and previously granted by the Referee. Upon reargument, the Referee reversed his prior decision in favor of Petitioner and denied Petitioner's motion.

The reargued motion was to dismiss the Trustee's application objecting to a claim by Petitioner against the bankrupt. Ira Haupt & Co., and seeking to recover from Petitioner a preferential payment of $20,700, plus interest. Petitioner's motion to dismiss was originally granted on the ground that the two year period of time during which the Trustee could assert his claim for recovery of a voidable preference prescribed by Section 11e of the Bankruptcy Act (11 U.S.C. § 29e) had run against the claim here.

The facts relevant to this review are as follows:

1) On March 23, 1964, an involuntary petition in bankruptcy was filed against Ira Haupt & Co. following its suspension from further trading on the New York Stock Exchange.

2) Prior to the filing of the foregoing involuntary petition in bankruptcy, Petitioner received payment from a liquidator of Haupt's business aggregating $20,700.

3) On March 30, 1964, a petition under Chapter XI, Section 321 of the Bankruptcy Act (11 U.S.C. § 721) was filed, purportedly on behalf of Haupt in the pending bankruptcy proceeding.

4) Thereafter, a motion was made to dismiss the Chapter XI petition and on June 10, 1964, the Referee granted the motion on the ground, inter alia, that the Chapter XI petition was not the voluntary act of Haupt.

5) By order and decree dated June 26, 1964, Haupt was adjudicated a bankrupt.

6) Petitioner filed a proof of debt against the bankrupt which has never been allowed or disallowed.

7) On October 6, 1964, the Trustee of the Estate of the Bankrupt was appointed, has since been qualified, and is now acting as such Trustee.

8) On May 20, 1966, the Trustee instituted proceedings objecting to Petitioner's claim and seeking disallowance of the claim, in accordance with Section 57g of the Bankruptcy Act (11 U.S.C. § 93g) unless Petitioner surrendered to the Trustee the sum of $20,700 with interest, said monies representing voidable preferences under Section 60a and b of the Bankruptcy Act (11 U.S.C. § 96a and b).

9) Petitioner filed an answer dated June 28, 1966, to the Trustee's objection and application alleging that the Trustee's application was time barred by the provisions of Sections 11e and 302 of the Bankruptcy Act (11 U.S.C. §§ 29e and 702).

10) On the same day on which Petitioner's answer was filed, Petitioner also filed its motion to dismiss the Trustee's application upon the ground that it failed to state a claim upon which relief could be granted in that it appeared that the application was barred by the provisions of Sections 11e and 302 of the Bankruptcy Act since the claim was not made within two years of the filing of the petition for an arrangement under Chapter XI by Ira Haupt & Co.

The provisions of the Bankruptcy Act cited by Petitioner in support of its motion to dismiss are as follows:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be. (Bankruptcy Act § 11e, 11 U.S.C. § 29e).

\* \* \* \* \* \*

The provisions of chapters 1 to 7 inclusive, of this title shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. For the purposes of such application, provisions relating to "bankrupts" shall be deemed to relate also to "debtors", and "bankruptcy proceedings" or "proceedings in bank-

ruptcy" shall be deemed to include proceedings under this chapter. For the purposes of such application the date of the filing of the petition in bankruptcy shall be taken to be the date of the filing of an original petition under section 722 of this title, and the date of adjudication shall be taken to be the date of the filing of the petition under section 721 or 722 of this title except where an adjudication had previously been entered. July 1, 1898, ch. 541, § 302, as added June 22, 1938, ch. 575, § 1, 52 Stat. 905. (Bankruptcy Act § 302, 11 U.S.C. § 702).

Relying on these provisions, Petitioner claims that the date of the filing of the Chapter XI petition in this case, i. e. March 30, 1964, is the time from which the two year period of limitation began to run, so that the Trustee's application, when filed on May 20, 1966, was time barred by March 30, 1966.

In support of its claim, Petitioner cites Henkin v. Rockower Bros., Inc., 259 F. Supp. 202 (S.D.N.Y.1966) in which the court held that Section 11e must be read together with Section 302, so that Section 11e commences to run on the date of the filing of the Chapter XI petition, i. e. the "date of adjudication".

When Petitioner's motion was first heard, the Referee agreed with the Petitioner and entered an order on October 21, 1966 dismissing the Trustee's application. On reargument, the Referee reversed his decision and denied Petitioner's motion to dismiss the Trustee's application.

The Referee's order of December 14, 1966 provides in pertinent part as follows:

ORDERED, ADJUDGED AND DECREED, that upon reargument the decision on motion of Kamerman & Kamerman, dated October 21, 1966, be and the same hereby is reversed and withdrawn; and it is further

ORDERED, ADJUDGED AND DECREED, that in accordance with Section 391 of the Bankruptcy Act, 11 U.S.C., Section 791, the running of all periods of time prescribed by the Bankruptcy Act in respect to the recovery of preferences and the avoidance of liens and transfers by the Trustee in Bankruptcy was suspended during the period March 30, 1964 through June 26, 1964, during which time the proceeding under Chapter XI of the Bankruptcy Act purportedly filed by Ira Haupt & Co. was pending; and it is further

ORDERED, ADJUDGED AND DECREED, that upon the dismissal of the aforesaid Chapter XI proceeding in accordance with the provisions of this Court's order and decree of June 26, 1964, Section 378(1) of the Bankruptcy Act, 11 U.S.C., Section 778(1), became the operative, applicable statutory provision relating to the ordinary bankruptcy proceeding under Chapters I through VII of the Bankruptcy Act in respect of Ira Haupt & Co. and in accordance therewith the ordinary bankruptcy proceeding instituted prior to the filing of the petition under Chapter XI of the Bankruptcy Act is reinstated and thereafter conducted, insofar as possible, as if the petition under Chapter XI of the Bankruptcy Act had not been filed; and it is further

ORDERED, ADJUDGED AND DECREED, that Section 302 of Chapter XI of the Bankruptcy Act, 11 U.S.C., Section 702, a statutory provision enabling the application of general bankruptcy provisions contained in Chapters I through VII of the Bankruptcy Act to proceedings under Chapter XI of said Act, insofar as the same are not inconsistent with or in conflict with the provisions of Chapter XI of the Bankruptcy Act, has no application to the instant ordinary bankruptcy proceedings under Chapters I through VII of the Bankruptcy Act involving Ira Haupt & Co. and now pending before this Court; and it is further

ORDERED, ADJUDGED AND DECREED, that the Trustee's application under Section 57g of the Bankruptcy Act, 11 U.S.C., Section 93g, is not barred by the running of the period of

time contained in Section 11e of the Bankruptcy Act, 11 U.S.C., Section 29e; and it is further * * *.

Upon this review, Petitioner seeks reversal of the Referee's order upon reargument and reinstatement of his order of October 21, 1966.

The Referee's order of December 14, 1966 is affirmed for the following reasons:

1) There are relevant and significant differences for the purposes of this case between an original petition under Section 322 of Chapter XI (11 U.S.C. § 722) (a petition filed where no bankruptcy proceeding is pending) and petitions filed pursuant to Section 321 of Chapter XI, (11 U.S.C. § 721) (a petition filed in a pending bankruptcy proceeding).

2) These distinctions are important as Section 378(1) and 378(2) (11 U.S.C. §§ 778(1) and 778(2)) make clear.

These provisions are as follows:
§ 778.  Procedure under order directing that bankruptcy be proceeded with.

Upon the entry of an order directing that bankruptcy be proceeded with—

(1) in the case of a petition filed under section 721 of this title, the bankruptcy proceeding shall be deemed reinstated and thereafter shall be conducted, so far as possible, as if such petition under this chapter had not been filed; and

(2) in the case of a petition filed under section 722 of this title, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; and the trustee nominated by creditors under this chapter shall be appointed by the court, or, if not so nominated or if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed as provided in section 72 of this title.

3) Section 391 of the Bankruptcy Act, 11 U.S.C. § 791, is an applicable provision completely overlooked by the Referee when he entered his first order.

That provision provides as follows:

§ 791.  Suspension of statutes of limitation, etc.

All statutes of limitation affecting claims provable under this chapter and the running of all periods of time prescribed by this title in respect to the commission of acts of bankruptcy, the recovery of preferences and the avoidance of liens and transfers shall be suspended while a proceeding under this chapter is pending and until it is finally dismissed.

■ 4) This is a Section 321 proceeding. June 26, 1964 is the date of actual adjudication entered in the ordinary involuntary bankruptcy proceeding commenced herein on March 23, 1964. June 26, 1964 was three months after the aborted Chapter XI proceeding was commenced in this ordinary bankruptcy proceeding on March 30, 1964. The March 30, 1964 date would be the constructive date of adjudication if Section 302 were applicable to a Section 321 proceeding. However, Section 391 is applicable. Consequently, the running of the period of time during which the Trustee might file his application was suspended for three months during the pendency of the aborted Chapter XI proceeding.

5) Section 302 is applicable only to Chapter XI proceedings as provided by Section 301 of the Bankruptcy Act (11 U.S.C. § 701) [1]

---

1.  8 Collier, Bankruptcy § 1.01 p. 3 (14th Ed. 1964):
Although numerous provisions in other chapters of the Bankruptcy Act are applicable to an arrangement proceeding under Chapter XI, the converse is not true, and the provisions of Chapter XI do not apply to proceedings under other chapters of the Act.
[See also ftn. 3 p. 3]

That provision provides as follows:

The provisions of this Chapter [XI] shall apply exclusively to proceedings under this chapter.

6) Section 1(12) of the Bankruptcy Act (11 U.S.C. § 1(12)) defines the date of adjudication applicable to the Trustee's right to press his claim of voidable preference. That action provides:

'Date of adjudication' shall mean the date of the filing of any petition which operates as an adjudication, or the date of entry of a decree of adjudication, or if such decree is appealed from, then the date when such decree is finally confirmed or the appeal is dismissed.

When the Chapter XI proceeding was dismissed on June 10, 1964, the ordinary bankruptcy proceeding was deemed reinstated, Section 378(1) (11 U.S.C. § 778(1)), and was thereafter conducted so far as possible, as if the petition under Chapter XI had never been filed. In re Dejay Stores, Inc., 220 F. Supp. 497 (S.D.N.Y.1963); See In re Johnston Construction, Inc., 182 F.Supp. 576, 577 (D.C.S.D.Cal.1960). That became the date of adjudication for all purposes. Haupt was adjudicated a bankrupt in the ordinary proceeding on June 26, 1964.

7) This case is governed solely by Chapters I through VII of the Bankruptcy Act and the period of limitation contained in Section 11e of the Act (11 U.S.C. § 29e) did not commence to run until, at the earliest, June 27, 1964, the day following entry of the decree of adjudication herein.

8) Henkin v. Rockower, supra, relied upon by Petitioner, is distinguishable since it appears that case involved a Section 322 proceeding (a Chapter XI petition filed where no bankruptcy proceeding is pending). In addition, the *Henkin* decision did not consider the effect and applicability of Section 391 of the Bankruptcy Act (11 U.S.C. § 791).

9) The adjudication of Haupt as a bankrupt on June 26, 1964, was not based upon any of the grounds enumerated in Section 376 of the Bankruptcy Act (11 U.S.C. § 776) as the basis for dismissing a Chapter XI proceeding and for entering a decree adjudicating the debtor a bankrupt. The adjudication of Haupt was entered in the involuntary proceeding and was based upon the failure of Haupt to file an answer. That decree of adjudication recognized the applicability of Section 378(1) and reads: Ordered, that the interrupted bankruptcy be proceeded with under the general provisions of the Bankruptcy Act.

10) There is no merit to Petitioner's contention that the Referee's order of December 14, 1966 should be reversed because the Trustee's motion for reargument failed to comply with the provisions of Rule 9(m) of the General Rules of this Court. Motion practice in the Bankruptcy Court is governed by the Bankruptcy Rules of this Court and the Rules for Motion Practice Before The Referees In Bankruptcy For The Southern District of New York.

The order of December 14, 1966 is affirmed.

So ordered.