## Capital Cities Communications v. Richter Communications, Inc.

*Michael H. Egnal*, for plaintiff.
*John C. Butera*, for defendant.

GREENBERG, *J.*, March 17, 1978—This matter is again before the court on the petition of Michael H. Egnal, Esq., for counsel fees. We originally, by our order dated January 24, 1977, granted petitioner's request for counsel fees in the sum of $4,350. Subsequently, on request of counsel for the debtor, the order was vacated and a hearing was held on the matter.

Petitioner argues that he is entitled to a counsel fee because of the time and effort expended by him which resulted in a benefit to all other creditors and more especially to the debtor who was able to secure financing and retain ownership of the radio station in large part due to petitioner's insistence on a public sale which produced bids for the station in amounts in excess of $1,000,000.

We are well aware of the rule that a lawyer must look to the client he represents for his fee. However, a well-established exception to this rule is that

where an attorney has created or secured a fund or benefit which is advantageous to all creditors, and not just to his client, then an award of compensation is proper: Miller v. Myers, 300 Pa. 192, 150 Atl. 588 (1930); Harris's Appeal, 323 Pa. 124, 186 Atl. 92 (1936); Trustees v. Greenough, 105 U.S. 527 (1881). This case is even more compelling because it was the debtor itself who benefited from the activities of petitioner. As a result of petitioner's efforts, the debtor was able to obtain financing which allowed it to retain ownership of the station and to continue its operation of the station.

In the instant case the matter could not have been successfully resolved had it not been for the time and effort expended by petitioner. Instead of proceeding by way of execution for his own client, a judgment creditor, thus being able to realize an amount sufficient to pay his client, petitioner initiated the request for the appointment of a receiver to preserve and carry on the business of the debtor, thereby preventing such adverse proceedings against the debtor as might have been instituted by judgment-holding creditors. It is clear that the activities of petitioner in bringing about a public sale would have created a fund large enough for the payment of all creditors' claims and reasonable counsel fee, had the sale taken place. The activity in reaching competing outside buyers was unquestionably a factor in the ability of the debtor to obtain the financing which it required in order to recapture the station. It can hardly be disputed that the debtor obtained an extraordinary benefit solely and only from the activities of petitioner.

Although petitioner's actions were taken absent a request of the court or the conservator, we do not believe this should be an obstacle to an award of

counsel fees to petitioner. At all times, the conservator, the debtor and creditors were aware of all of the services and activities of petitioner. Petitioner vigorously pursued a course of action which resulted in bids being received for the station in excess of $1,000,000. Most, if not all, of petitioner's work was done in court proceedings and hearings. An examination of the transcripts of those proceedings clearly supports the conclusion that without petitioner's vigorous efforts the debtor would have been in no position to have obtained the necessary financing to pay off its debts and thus avoid losing the radio station.

It is true that at the time petitioner was doing this work he did represent a principal creditor from whom he eventually received a fee in the amount of $40,000. However, the record in this case as well as the court's own knowledge obtained as a result of the hearings and conferences with counsel indicates that the zeal with which petitioner carried out his duties was an effective factor in enabling the debtor to reach the point it did where financing could be obtained. Had not petitioner insisted on a public sale over the objections of debtor, the value of the station would not have been established as being $1,200,000, a factor which must have been of great assistance to the debtor in obtaining the financing needed. Thus, as a result of petitioner's efforts the debtor benefited also, perhaps even more than petitioner's client. The latter received or will receive a debt justly due and owing for which it had to expand fees and costs. The debtor, on the other hand, was able to retain ownership of the radio station, a valuable asset which it surely would have lost but for the actions of petitioner. While we can

understand that debtor and its counsel regard petitioner as an adversary we believe that debtor's animus toward petitioner engendered during these proceedings is effectively preventing debtor from recognizing the above situation.

Defendant relies on Federal bankruptcy cases to defeat petitioner's claims for counsel fees; its reliance is, however, misplaced. Federal bankruptcy proceedings are governed by very strict rules and regulations as is the award of counsel fees in such proceedings. These rules and regulations are inapplicable to a non-bankruptcy proceeding, as is the instant case.

However, even in bankruptcy cases, counsel fees are awarded in situations which are strikingly similar to the instant case. In re Ira Haupt & Co., 280 F. Supp. 336, 343 (S.D.N.Y. 1967), involved two applications for counsel fees. One application was denied because "the referee explicitly found that the trustee in this case would have discovered the same facts discovered by [the attorney] during its own investigation and the trustee informs us that the information furnished by the firm was not relied upon by him." The second application for counsel fees was, however, granted by the court. "[T]he referee found that all of the services for which compensation are sought were necessarily expended in order to prosecute the involuntary petition to an adjudication." In the instant case, petitioner's activities also resulted in the successful resolution of the matter; they should not go uncompensated.

Our examination of petitioner's activities in this litigation indicates that an award of $3,850 is fair and reasonable under all the circumstances. We realize that petitioner has already been compen-

sated by his own client in the sum of $40,000. However, our award is based only on those activities which this court observed directly and not on any services which might have been rendered outside of our purview. Accordingly, we see no need for any further hearings or presentation of testimony. We are, in effect, holding that petitioner is entitled to this additional amount, over and above the fee he received from his client, for services rendered about which there cannot be any dispute since they took place in our presence and in the presence of the debtor and its counsel.

We, therefore, enter our order making the award as aforesaid.

### ORDER

And now, March 17, 1978, the petition of Michael H. Egnal, Esq., for counsel fees is granted and it is hereby ordered that said petitioner be and is awarded the sum of $3850 as counsel fees, same to be paid by debtor.

Petitioner's claim for costs is denied.