**HARVEY BROKERAGE CO., Inc., v. AMBASSADOR HOTEL CORPORATION.**

**CENTRAL HANOVER BANK & TRUST CO. v. AMBASSADOR HOTEL CORPORATION et al.**

**In re FABER, COE & GREGG, Inc.**

District Court, S. D. New York.

Oct. 17, 1932.

Iselin & Riggs, of New York City (Ellery O. Anderson, of New York City, of counsel), for petitioner.

Dawes, Abbott & Littlefield, of New York City (Charles W. Littlefield, of New York City, of counsel), for receivers of Ambassador Hotel Corporation.

WOOLSEY, District Judge.

The within petition is dismissed, without costs.

I. The petitioner herein, under the provisions of its contract with the hotel corporation, did not trust the credit of those who made purchases from it, but trusted the credit of the hotel corporation. And under clause 6 of the contract the value of merchandise sold to patrons of the hotel by petitioner was to be paid on the 10th of each month by the hotel to the petitioner.

On that day, the debt matured; always the moneys collected by the hotel for purchases from petitioner, whether in cash or not, were the moneys of the hotel.

II. That is wherein this case differs from the case recently before me of (In re Butler) Harvey Brokerage Co. v. Ambassador Hotel Corporation (D. C.) 57 F.(2d) 727.

III. The relation herein involved is a debtor and creditor relationship. The question involved is nice. The Butler Case fell just within the fiduciary rule. The present case falls just outside it.

Settle order on notice.