## In re MARTIN'S.
### No. 27373.

District Court, E. D. New York.
March 11, 1935.

Hahn & Hahn, of New York City, for petitioner.

Joseph & Demov, of New York City, for creditors' committee.

Robert P. Levis, of New York City, for debtor.

## MOSCOWITZ, District Judge.

This is a motion made by Sigmund I. Herzig for an order compelling the debtor to pay over certain moneys which it claimed the debtor holds in a fiduciary capacity for the benefit of the petitioner.

The debtor has for some period of time conducted a department store on Fulton street, in the borough of Brooklyn, city of New York. On January 3, 1935, it filed a voluntary petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207).

On July 6, 1934, the petitioner and the debtor entered into an agreement in writing by the terms of which Herzig received the exclusive privilege of conducting in the debtor's establishment a department for the sale of retail furs.

Prior to the filing of the petition Herzig sold merchandise in his department which was charged to the customers as provided by the agreement.

The petitioner demands payment of the cash collected during the month of December, 1934, and also the full amount of all accounts charged to customers approved by the debtor prior to the filing of the petition under section 77B.

The petitioner sold furs which belonged to him within the debtor's specialty shop. The debtor did not become responsible for the purchase bills of the furs, nor did the debtor fix the prices at which the department sold the furs. The employees were paid by the department, itself, or as a matter of convenience were paid at the same time as the employees of the debtor by the debtor's check; but the amount was charged against the cash collections from the department. In case the debtor purchased any supplies used in the department, the debtor was required to charge the department for the supplies at the actual price which the debtor paid, so that the department obtained the advantage of any discount which the debtor might obtain in the purchase of such supplies.

The department paid for all the privileges of space and the patronage which came into the debtor's store, 10 per cent. of all cash sales and 12½ per cent. on all charge sales. This extra 2½ per cent. in the case of charge sales was intended as a guaranty of the collectibility of the account. The debtor for this 2½ per cent. agreed at the end of sixty days after a charge sale was made to regard the charge sale as cash and to pay the amount of the charge sale at the end of sixty days to the department, whether it was collected or not. The pertinent portions of the contract are paragraphs 13 and 13B, which read as follows:

"13. The Lessor shall account to the Lessee on the fifteenth (15) of every month during the term of this lease for the previous month's business in the department and payment shall be made at that time of all cash collected in that month's operations, deducting from the total cash collected in that month the rentals based on the cash income hereinabove mentioned, and all other expenses and disbursements chargeable to the department."

"13B. All charge sales passed upon by the Lessor shall become due and payable to the Lessee sixty (60) days after the charge is accepted by the Lessor. Any such amount due to the Lessee from the Lessor on charge sales shall be construed as cash received during a month's business and payable on the fifteenth (15) day following the month in which it becomes due. Any charge account accepted by the Lessor as a result of a sale in the department of the Lessee shall be guaranteed for payment by the Lessor to the Lessee regardless of the failure on the part of the Lessor to collect same from the customer."

Under the agreement the cash sales for any month were not payable as and when collected by the debtor, but were payable on the 15th of the following month. The charge accounts were payable by the debt-

or sixty days after the charges were made, the debtor guaranteeing the charge account and being required to pay at the end of sixty days whether the charge account was collected or not. Both the cash sales and the charge accounts involved a period of credit before the debtor was required to pay. The contract does not contemplate the segregation of any of the cash moneys received from the department sales. The cash sales went directly into the general funds of the debtor.

The department received without charge heat, water, electricity, electric light bulbs, janitor service, elevator service, cashier service, wrapper service, delivery service, local telephone service, advertisement writing, window trimming, and show cards.

All sales and the transaction of business within the department, except the purchase of merchandise by the department, were required to be conducted in the name of the lessor, Martin's. Martin's received all cash; Martin's billed all charge accounts in its own name. Between the parties the merchandise belonged to the department; the expense of the selling employees was chargeable against the department; and the cash received by Martin's from the sales was to be repaid to the department on the 15th day of the following month after the cash proceeds were received and to be paid by Martin's sixty days after any charge accounts were contracted, regardless of whether the charge account was collected by Martin's, or not.

The relationship between the debtor and Herzig was not that of fiduciary and beneficiary, but that of debtor and creditor. Isaac McLean Sons Co. v. William S. Butler & Co., Inc. (D. C.) 208 F. 730; Harvey Brokerage Co., Inc., v. Ambassador Hotel Corporation (D. C.) 1 F. Supp. 660; Harvey Brokerage Co. v. Ambassador Hotel Corporation (D. C.) 57 F.(2d) 727.

The petitioner knew that the cash received from the sales was being merged with all the other cash of the debtor's store. The obligation of the debtor was not to pay on demand, but upon receipt of the cash which was payable fifteen days after the end of the month in which the cash was received. Therefore the parties contracted for a credit as to the time in which payment should be made. Isaac McLean Sons Co. v. William S. Butler & Co., Inc., supra.

It is not claimed by the petitioner that the funds received by the debtor can be traced directly into a specific bank account, and it is not sufficient to say that the trust moneys, generally, are contained somewhere within the debtor's control. In re United Cigar Stores Co. (C. C. A.) 70 F.(2d) 313; In re A. D. Matthews' Sons, Inc. (C. C. A.) 238 F. 785.

The petitioner is a general creditor as it appears that neither was there a trust relationship nor can there be any tracing of the alleged trust funds.

Application denied. Settle order on notice.