In the Matter of the YEAGER COM-
PANY, Bankrupt.

Charles H. MENDEL and Jack Marshall,
Appellants,

v.

Clair E. WHITMER, Trustee, Appellee.

No. 15135.

United States Court of Appeals
Sixth Circuit.

April 18, 1963.

John M. Glenn, Akron, Ohio (Bucking-
ham, Doolittle & Burroughs, Gillum H.
Doolittle, Akron, Ohio, on the brief), for
appellants.

John M. Ulman, Akron, Ohio (Wise,
Roetzel, Maxon, Kelly & Andress, Akron,
Ohio, on the brief), for appellee.

Before MILLER and WEICK, Cir-
cuit Judges, and McALLISTER, Senior
Circuit Judge.

WEICK, Circuit Judge.

This case is before us on appeal from
an order of the District Court affirming
an order and decree of the Referee in
Bankruptcy who denied a petition for
reclamation filed in a bankruptcy pro-
ceeding. Appellants, Mendel and Mar-
shall, by written instrument, leased space
in a department store operated by the
bankrupt, The Yeager Company, in Ak-
ron, Ohio and sold toys, hardware and
other items. All sales made by Mendel
and Marshall were made as if they were
merely a department in Yeager's store
and were for cash except such as
Yeager accepted for credit. All monies
derived from the sales were immediately
turned over to Yeager who kept an ac-
count thereof and on the 15th day of the
following month Yeager accounted for
all cash received and for sales accepted
by it for credit and paid Mendel and
Marshall in full therefor less 10% for
rental and other agreed deductions.
Mendel and Marshall would thus ulti-
mately receive cash for all of their sales
even though Yeager had not collected on
the accounts which it accepted for credit.
Mendel and Marshall kept a record of
their sales only by the dollar amount and
had no record of cash or charge sales.
The customers were treated as Yeager's.
Monies paid to Yeager by Mendel and
Marshall representing cash sales were
placed in Yeager's bank account and com-
mingled with its other funds. They had
all been disbursed prior to bankruptcy.
The accounts receivable attributable to

Mendel and Marshall were carried on Yeager's books as its own property and commingled with other customers' accounts. Yeager made all billings and collections on the accounts. When bankruptcy intervened sales made by Mendel and Marshall amounting to $23,301.26 which had been accepted for credit had not been accounted for by Yeager and Mendel and Marshall sought by reclamation to require the trustee in bankruptcy to account. The Referee in Bankruptcy denied the reclamation petition and allowed their claim as an unsecured claim against the bankrupt's estate. This order was affirmed by the District Judge. Since no funds were in Yeager's bank account on the date of bankruptcy, appellants abandoned their claim for cash turned over by them to Yeager.

It was the claim of Mendel and Marshall that a fiduciary relationship with respect to the accounts receivable existed between the bankrupt and them under which they were entitled to the equitable remedy of accounting. Baccelieri v. Heath, 158 Ohio St. 481, 110 N.E.2d 130. Although nowhere in the lease was a trust provided for, they urge that one should be implied. Harvey Brokerage Co. v. Ambassador Hotel Corp., 1 F.Supp. 660 (S.D.N.Y.); Harvey Brokerage Co. v. Ambassador Hotel Corp., 57 F.2d 727 (D.C.S.D.N.Y.); In re Steele-Smith Dry Goods Co., 298 F. 812 (D.C.N.D.Ala.).

Merely because Mendel and Marshall might be entitled to an equitable remedy of accounting under Ohio law does not mean they have established a trust and may recover in a reclamation proceeding in a bankruptcy court. They must prove that a trust relationship existed. Both the Referee and the District Judge found that there was no trust either express or implied. We think this was clear from the language of the lease and the operations of the parties under it.

As we view the arrangement between the parties, Mendel and Marshall carried no customer charge accounts. Whenever sales made by Mendel and Marshall had been accepted for credit by Yeager, the latter became the owner of them. Yeager's only obligation was to pay Mendel and Marshall in full for the accounts which it accepted for credit on the 15th of the following month. All losses in the collection of the accounts were borne by Yeager. The ony credit risk assumed by Mendel and Marshall was in collecting the amounts due them from Yeager. The relationship between Mendel and Marshall and Yeager with respect to the accounts receivable accepted for credit by Yeager was that of debtor and creditor. There was no trust established either express or implied. Since no trust was proven, it is unnecessary for us to go into the problem of tracing or consider the admissibility of expert testimony offered at the hearing in connection with that subject.

District Judge Kalbfleisch was correct in affirming the order of the Referee in Bankruptcy and his order is affirmed.