**WOHL SHOE COMPANY, Appellant,**

v.

**Peter M. ELLIOTT, Receiver, etc. and Commercial Credit Co., Appellees.**

**No. 21638.**

United States Court of Appeals
Ninth Circuit.

Dec. 26, 1967.

Leonard A. Goldman (argued), of Goldman & Goldman, Los Angeles, Cal., for appellant.

Ronald E. Gordon (argued), Nat Rosin, Harry L. Schuman, Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for appellees.

Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS *, District Judge.

BARNES, Circuit Judge:

The Wohl Shoe Company herein appeals from a judgment of the District Court for the Central District of California, affirming a bankruptcy referee's decree.

Most of the relevant facts were stipulated below. In 1960 the Wetherby-Kayser Shoe Company, a division of Wohl (and hereinafter referred to for convenience as "Wohl"), entered into a concession license agreement with the bankrupt, Rankin Department Stores, Inc. According to the agreement, Wohl was to turn over all of its sales to Rankin, which would deduct its concession fee and certain other expenses charged to Wohl, and remit the balance at specified intervals. It was agreed that cash from Wohl's sales might be commingled with Rankin's other receipts. Charge sales were to be submitted to Rankin for approval (which was not to be unreasonably withheld), with Rankin then assuming responsibility for collecting the amounts due on all such approved sales; and, regardless of whether those amounts were collected, Rankin guaranteed Wohl remittance of the amount of all such sales at the end of the interval in which they were made.

In the district court Wohl filed an "Application to Reclaim . . . Proceedings of Accounts Receivable." The application sought to reclaim $9,942.45, which Wohl alleged that Rankin (or the appellee Commercial Discount Corporation, which had entered into an agreement to finance Rankin's accounts receivable) had collected on charge sales during the summer of 1963, a period evidently just prior to Rankin's bankruptcy.[1] The thrust of the application is not en-

---

* Hon. Ray McNichols, United States District Judge, Boise, Idaho, sitting by designation.

1. The parties stipulated that:
    "the Receiver, at the time of the closing of Rankin, received approximately $3,-200.00 from the approximate number of thirty cash registers at Rankin. * * *"
    However, the stipulation continued:

"but there is no determination made as to which [cash] belongs to the cash registers in the department operated by [Wohl]." C.T. 29–30.
Moreover, the application does not seek reclamation of any such amounts derived from Wohl's cash sales, and this opinion deals only with the amount collected on charge sales, to which the application is limited. C.T. 10.

tirely clear, but presumably Wohl meant to allege that it had not been paid the amount of such charge sales at the specified times during that period. Wohl argued that the sum which it sought had, pursuant to paragraph sixteen of the concession agreement, been held in trust for it by Rankin, and should therefore be returned in full. The paragraph relied upon by Wohl reads as follows:

"TRUST FUND

"16. All sales, cash and charge, shall be made in the name of Concessioner [Rankin] and shall be recorded by Concessioner at its expense. All monies received by Concessionee's [Wohl's] employees, representing proceeds from said sales, shall immediately be turned over to Concessioner who shall hold same in absolute trust for Concessionee; and, though commingled with other funds of Concessioner's, same shall nevertheless be and remain in trust for Concessionee until paid Concessionee in accordance with the provisions of paragraph #7 hereinabove." C.T. 49.

The referee concluded that the course of conduct engaged in by the parties had been inconsistent with the existence of a fiduciary relationship between them, and that with respect to Wohl's sales the relation between them had been that of debtor and creditor. He allowed Wohl only a general claim against the bankrupt's estate, in the amount of $9,942.45. On Wohl's petition to review, the district court affirmed the referee's decree in all respects. It is from this affirmance that Wohl now appeals.

In finding the relationship between Rankin and Wohl to be that of debtor and creditor, the referee relied on the then recent case of In re Lord's, Inc., 356 F.2d 456 (7th Cir. 1965), cert. denied, 385 U.S. 847, 87 S.Ct. 55, 17 L.Ed.2d 78 (1966), in which a "trust" provision in an almost identical situation was held insufficient to overcome other factors rendering the relation between the parties that of debtor and creditor. An even more recent decision by the Tenth Circuit, concerning another aspect of the very bankruptcy involved here, is to precisely the same effect. Carlson, Inc. v. Commercial Discount Corp., 382 F.2d 903 (10th Cir. 1967). Were we forced to decide the question, we might well decide in favor of the persuasive rationale set out in the Lord's and Carlson cases. However, it is unnecessary to follow those holdings (which might be taken as contrary to at least one court of appeals decision, see In re Kline, 7 F.Supp. 850 (W. D.Pa.1934), aff'd sub nom. United States Nat'l Bank v. Blauner's Affiliated Stores, Inc., 75 F.2d 826 (3d Cir. 1935)) in order to affirm the judgment of the district court. For the very agreement upon which Wohl relies is cast in terms which are fatal to its claim.

Referring initially to "[a]ll sales, cash and charge," as being recordable by Rankin, paragraph sixteen of the agreement goes on to assert that:

"[a]ll *monies received by Concessionee's* [Wohl's] *employees*, representing proceeds from said sales, shall immediately be turned over to Concessioner [Rankin] who shall hold same in absolute trust for Concessionee. * * *" C.T. 49 (emphasis added).

Obviously only cash sales would yield "monies received by [Wohl's] employees," to which the purported trust is limited. Charge sales would not; rather, the amounts of such sales were to be collected by Rankin.

This basis for our decision may seem hypertechnical, but we do not believe that it is. First, business contracts between responsible parties, such as the agreement here involved, would seem to be proper subjects for strict and accurate judicial construction; they generally are carefully drawn by counsel, who intend to make precise their clients' rights under applicable law. More importantly, however, it would be anomalous to characterize the parties' relation here, with respect to Wohl's charge sales, as fiduciary in nature. For Rankin had the entire responsibility for collecting the amount of such sales, and guaranteed payment to Wohl regardless of whether they were ever in fact collected from the customers

in question—so that in some instances Wohl would be receiving what Rankin never had. In such circumstances a court ought not to engage in strained construction of a contract in order to find a fiduciary relationship when the literal terms of the agreement suggest that no such relationship exists. Nor, of course, should such a relation be implied. See In re Yeager Co., 315 F.2d 864 (6th Cir. 1963); In re Martin's, 11 F.Supp. 99 (E.D.N.Y. 1935).

Affirmed.