In the Matter of **ALDA COMMERCIAL CORPORATION, Bankrupt.**

**No. 68 B 711.**

United States District Court,
S. D. New York.

June 9, 1971.

**1316**

Martin J. Forgang, New York City, for petitioner, Silverman.

Alex L. Rosen, New York City, for trustee.

## MEMORANDUM

BONSAL, District Judge.

Petitioner Abe Silverman seeks review of an order filed by Referee Babitt on October 2, 1970. The facts found by the Referee, as to which there appears to be no dispute, are as follows:

"The now bankrupt, Alda Commercial Corporation, (Alda) was in the financing business. In April, 1967, in separate transactions, Silverman and Baron each executed two 'participation agreements' with Alda. Those agreements furnished by Alda recited that Alda had entered into financing agreements whereby it would make loans to Abaco Optical Co., Inc. (Abaco) and to Fuda Metal Stamping Corp. (Fuda) and be secured by the accounts receivable and other security of those borrowers. Silverman and Baron agreed to be 'a joint venturer' with Alda, each of the former being granted 'an undivided fractional interest' as pro tanto participants in Alda's loans to Abaco and Fuda to the extent of 10% of the full amount of those loans, limited however, to the 'maximum investment' of $10,000. Among other things, the participation agreements between Alda and Silverman and Baron provided for the payment to them by Alda of 'an amount equivalent to interest at the rate of 12% per annum on the amount of your Participation for such month.' Alda, on its part, was to

retain as compensation for its services and costs, the difference between the charges it received from Abaco and Fuda and the charges paid to Silverman and to Baron.

"Although the participation agreement called for the physical delivery of participation certificates, these were in fact not delivered. Nonetheless, the relationship between Alda and Baron and Silverman continued for approximately a year, during which time Alda made appropriate payments and rendered statements. In April, 1968, Baron advised Alda that she wished to discontinue her participation in the Alda loans to Abaco and to Fuda. Silverman similarly advised Alda on May 1, 1968.

"On July 11, 1968, Alda filed an assignment for the benefit of its creditors, the stewardship of which was interrupted and superseded by the entry by this court of an order adjudicating Alda a bankrupt on October 18, 1968.

"The assignee and the trustee in bankruptcy have collected payments from Abaco and Fuda as still viable accounts receivable of the bankrupt.

\* \* \* \* \* \*

"\* \* \* the moneys given to Alda by Silverman and by Baron in pursuance of the participation agreements were paid directly to Alda and were deposited in Alda's general accounts. Only Alda's name appears on the financial statements filed by Alda in connection with the security furnished by Abaco and Fuda. Alda managed all of the transactions with Abaco and with Fuda. Alda's loans to Abaco and Fuda were made in its own name and Abaco and Fuda made their appropriate payments to Alda. So far as the record discloses, neither Abaco nor Fuda had any knowledge of the existence of Baron or Silverman, nor does the record suggest that Abaco and Fuda even knew of Baron's and Silverman's participation in Alda's loans to them. On the other hand the existence of Silverman and Baron as participants is reflected on Alda's books and records and the financial statements of Alda reflected those interests as well, thereby affecting Alda's asset position."

The Referee held that the petitioner had no interest in the property of the bankrupt but that he was entitled to file his claim as a general creditor.

Petitioner contends that the arrangement outlined above was in the nature of a joint venture between himself, Baron and the bankrupt, and that, consequently, an undivided 10% interest in the accounts receivable or proceeds thereof of Abaco and Fuda are his property as a joint venturer and did not pass to the trustee under the Bankruptcy Act (11 U.S.C. § 110(a)).

The Referee, in a well-reasoned opinion, denied petitioner's claim. The Referee found that petitioner was not to share in the profits of the bankrupt's business except to the extent that he would receive interest on his investment; that petitioner played no part in the bankrupt's initial determination to lend money to Abaco and Fuda; that petitioner did not manage the accounts or have any say as to how the bankrupt would attain security or arrange for collections. The Referee concluded that the relationship between petitioner and the bankrupt more closely resembled that of lender and borrower, with the limitation that in the event of a default by Abaco or Fuda, the petitioner was limited, as to collection, to monies obtained by the bankrupt on these accounts. This court agrees.

The arrangement was not brought to the attention of the creditors of the bankrupt, and their rights under the Bankruptcy Act should not be limited by reason of a secret arrangement between petitioner and the bankrupt; see United States v. Speers, 382 U.S. 266, 275, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965). If petitioner believed he had a security interest in the bankrupt's assets, he was required to file a financing statement pursuant to Article 9 of the Uniform Commercial Code to protect himself from the claims of creditors. If the arrangement between petitioner, Baron and the bankrupt constituted a partner-

ship for the factoring of the accounts receivable of Abaco and Fuda, petitioner's interest was that of a limited partner and he was required to give notice under Section 91 of the New York Partnership Law, McKinney's Consol.Laws, c. 39, to protect his interest as a limited partner.

■■ Finally, there is no basis for holding that the bankrupt was agent for the petitioner in the factoring of these accounts. On the contrary, these accounts were part of the bankrupt's regular financing business and the bankrupt controlled and managed the business, subject only to the right of petitioner to interest and the eventual return of his investment; *cf.* Stratford Financial Corp. v. Finex Corp., 367 F.2d 569 (2d Cir. 1966); nor was the bankrupt a trustee for petitioner since there was no segregation of these accounts and none was contemplated. In re Lord's Inc., 356 F.2d 456 (7th Cir.), cert. denied, 385 U.S. 847, 87 S.Ct. 55, 17 L.Ed. 2d 78 (1966); In re Martin's, 11 F. Supp. 99 (E.D.N.Y. 1935).

■ The arrangement reveals at most that petitioner was an investor in a part of the bankrupt's business, from which he expected to derive interest at a higher rate than might otherwise have been available to him. Petitioner's right, as expressed in the arrangement, to a preferential unrecorded security interest in the accounts receivable from Abaco and Fuda is unenforceable as against the creditors of the bankrupt since no notice was given to them under the Uniform Commercial Code or under the New York Partnership Law. See Cherno v. Dutch American Mercantile Corp., 353 F.2d 147, 155 (2d Cir. 1965).

■ Petitioner contends that the arrangement was in the nature of a joint venture impressed with a trust, Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545 (1928), and that it was immaterial that the bankrupt was the manager of the venture or that the profits and losses were not to be shared equally. Petitioner's reliance on Meinhard v. Salmon is misplaced since that case did not in-

volve the rights of the creditors of the joint venture, but only the rights and obligations of the joint ventures as between themselves. If the Midpoint Realty Company formed by Salmon had gone into bankruptcy, the claims of its creditors would have been senior to Meinhard's rights in the joint venture.

For the foregoing reasons, the petition of Abe Silverman for review is denied and the decision of the Referee is affirmed.

It is so ordered.